UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAUDIO RAMON ESPINOZA,

     Petitioner,

v.                                                                                              Case No: 6:26-cv-1101-JSS-DCI

LOUIS A. QUINONES, JR.,
GARRETT RIPA, ACTING
SECRETARY MARKWAYNE
MULLIN, ACTING DIRECTOR-ICE
TODD LYONS, TODD BLANCHE,
and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

     Respondents.
_____/

**<u>ORDER</u>**

Petitioner, Maudio Ramon Espinoza, initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241.  (Dkt. 1.)  According to the verified petition, Petitioner is a native and citizen of Venezuela, who has been living in the United States since June 2023.  (*Id.* at 9, 45.)

Earlier this month, Petitioner was arrested while driving to work.  (*Id.* at 25, 45.)  Although he was scheduled to be released on April 18, 2026, Petitioner purportedly remains detained pursuant to an Immigration and Customs Enforcement (ICE) detainer.  (*See id.* at 6.)  Petitioner now challenges his continued detention at the Orange County jail, asserting that it violates the Fourth and Fifth Amendments to the United States Constitution, as well as the Administrative Procedures Act, 5 U.S.C. §

706. (*See id.* at 5–6, 45–46, 49–56, 59.)  Accordingly, Petitioner seeks the following relief: (1) a writ of habeas corpus directing his immediate release, (2) preliminary injunctive relief prohibiting Respondents from transferring him pending the resolution of this case, (3) preliminary and permanent injunctive relief enjoining Petitioner's continued detention, (4) a declaration that Petitioner's detention based solely on an ICE detainer is unlawful, (5) expedited proceedings, and (6) an award of legal fees under 28 U.S.C. § 2412.  (*Id.* at 59.)

In connection with his request for expedited proceedings, Petitioner asks that the court order Respondents to show cause why he should not be released within three days. (*See id.* at 8, 59.)  Indeed, federal law provides that a writ or order to show cause "shall be returned within three days unless for good cause additional time, not exceeding twenty days, is allowed."  28 U.S.C. § 2243.  Even so, courts retain discretionary authority to set deadlines under Rule 4 of the Rules Governing Section 2254 Cases.  *See Bleitner v. Welborn*, 15 F.3d 652, 653 (7th Cir. 1994) (explaining that Rule 4 of the Rules Governing Section 2254 Cases has the "force of a superseding statute," loosening the deadlines in section 2243 and thereby allowing district courts "to fix the deadline" to respond); *Baker v. Middlebrooks*, No. 5:08CV44-RS-MD, 2008 WL 938725, at *1 (N.D. Fla. Apr. 8, 2008) (concluding that the strict time limit prescribed by section 2243 is "subordinate to the district court's discretionary authority to set deadlines under Rule 4 of the Rules Governing [Section] 2254 Cases." (collecting cases)); *see also Annamalai v. Warden*, 760 F. App'x 843, 849 (11th Cir. 2019) ("Proceedings in [section] 2241 petitions are governed by the Rules Governing Section

2254 Cases in the United States District Courts."). Because Petitioner has not demonstrated exigent circumstances—beyond those of other habeas corpus petitioners—that would warrant a change in the response deadline, (*see* Dkt. 1), the court will not order Respondents to respond within three days. Nevertheless, the court will direct Respondents to file an expedited response to the petition.

Finally, although Petitioner challenges his detention at the Orange County jail, counsel acknowledges that Petitioner may not have been detained there when the petition was filed. (*See id.* at 2, 48 ("[T]he [Immigration and Customs Enforcement (ICE)] Online Detainee Locator System *does not show the whereabouts* of Petitioner's detention. . . . Based on recent communication with his family, Petitioner is *believed* to be detained at the Orange County Jail, in Orlando, Florida." (emphasis added).) According to ICE's records, Petitioner is currently detained at the Krome North Service Processing Center in Miami, Florida, *see* Online Detainee Locator System, United States Immigration and Customs Enforcement, available at https://locator.ice.gov (last visited on May 20, 2026), which is in the Southern District of Florida. While the court may retain jurisdiction over a properly filed habeas petition if the petitioner is subsequently removed from the Middle District of Florida, *see Rumsfeld v. Padilla*, 542 U.S. 426, 441 (2004), that is only if the petition was properly filed in this district, *see Trump v. J.G.G.*, 604 U.S. 670, 672 (2025) ("For core habeas petitions, jurisdiction lies in only one district: the district of confinement." (quotation omitted)); *United States v. Ellis*, 814 F. App'x 474, 476 (11th Cir. 2020) ("Section 2241 petitions must be brought in the district court of the district where the prisoner is

incarcerated . . . any other district court lacks jurisdiction over the petition." (citation modified)); *Farfan v. Bondi*, No. 1:26-CV-20777-KMM, 2026 WL 370518, at \*2 (S.D. Fla. Feb. 10, 2026) (transferring a habeas petition to the Fort Myers division because the petitioner was detained in Collier County).  Given the petition's ambiguity, it is unclear whether the court has jurisdiction.

Accordingly:

1.    By noon on May 27, 2026, Petitioner shall **SHOW CAUSE** as to why this case should not be transferred to the United States District Court for the Southern District of Florida, Miami Division.

2.    The Clerk is **DIRECTED** to send a copy of this order, the petition (Dkt. 1), and all attachments to the petition **by certified mail** to the Attorney General of the United States, 950 Pennsylvania Avenue NW, Washington, DC 20530.  All costs of service shall be advanced by the United States.  The Clerk is further **DIRECTED** to send a copy of this order, the petition (Dkt. 1), and all attachments to the petition **electronically** to (1) the United States Attorney for the Middle District of Florida, (2) Secretary Markwayne Mullin, United States Department of Homeland Security, (3) Director Garrett Ripa, United States Immigration and Customs Enforcement, and (4) the Warden of the Orange County jail.

3.    By noon on May 27, 2026, Respondents shall respond to all allegations, grounds, and arguments asserted in the petition and show cause why the

- 5 -

petition should not be granted.

4.      To the extent that Petitioner seeks preliminary injunctive relief, he must file a motion that complies with Federal Rule of Civil Procedure 65 and all applicable Local Rules, including Local Rules 1.08, 3.01, and 6.01 or 6.02 as appropriate. The proposed order required by the Local Rules, *see* M.D. Fla. R. 6.01(a)(6); M.D. Fla. R. 6.02(a)(1), shall fully satisfy Federal Rule of Civil Procedure 65(d).

**ORDERED** in Orlando, Florida, on May 20, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record

USAFLM.Orlando2241@usdoj.gov

- 5 -