UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

MAUDIO RAMON ESPINOZA,

     Petitioner,

v.                                                    Case No: 6:26-cv-1101-JSS-DCI

GARRETT RIPA, ACTING
SECRETARY MARKWAYNE
MULLIN, ACTING DIRECTOR-ICE
TODD LYONS, TODD BLANCHE,
and EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW,

     Respondents.
_____/

## **ORDER**

Petitioner, Maudio Ramon Espinoza, is a citizen of Venezuela who entered the United States without inspection on June 6, 2023. (Dkt. 1 at 45; Dkt. 1-2; Dkt. 1-3 at 4; Dkt. 7-1 at 3.) Several days later, Border Patrol agents apprehended Petitioner in Eagle Pass, Texas. (*See* Dkts. 1-2, 1-9.) At that time, Border Patrol agents provided Petitioner with a notice to appear before an immigration judge and arrested him pursuant to a Form I-200 warrant. (*See* Dkt. 1 at 3; Dkt 1-2; Dkt. 1-9.) Shortly thereafter, the agents released Petitioner on his own recognizance. (*See* Dkts. 1-3, 1-4.) For nearly three years, Petitioner was allowed to live in the United States, so long as he complied with the conditions of his release and checked in with United States Immigration and Customs Enforcement (ICE) agents each year. (*See* Dkt. 1-3.) In

May, law enforcement officers stopped Petitioner while he was driving to work. (*See* Dkt. 1 at 25; *see* Dkt. 1-8.) During the stop, the officers determined that Petitioner was in the United States unlawfully and "detained [him] pending [the outcome in] his removal proceedings." (Dkt. 7 at 2; *see* Dkt. 1 at 25 ("Petitioner was arrested by [Florida Highway Patrol] and taken into [Department of Homeland Security (DHS)]/[Immigration and Customs Enforcement (ICE)] custody."); Dkt. 7-1 at 3–5 (explaining that on May 14, 2026, Petitioner was arrested by Border Patrol agents who took him to the Orlando ICE office for processing, before detaining him at the Orange County jail, while awaiting bed space at a facility in Miami).)

Petitioner initiated this case by filing a petition for writ of habeas corpus under 28 U.S.C. § 2241. (Dkt. 1.) Petitioner maintained that 8 U.S.C. § 1226—not 8 U.S.C. § 1225—applied to his detention, and that Respondents had not complied with the statute's requirements, thereby violating his constitutional rights under the Fourth and Fifth Amendments. (*See id.* at 4–5, 23–24, 49–52, 55–56.) Specifically, Petitioner argued that Respondents failed to comply with the statutory requirements that he be arrested pursuant to a Form I-200 warrant and provided a bond hearing. (*Id.* at 25, 45–46.) Petitioner further argued that because he was purportedly arrested without a warrant, Respondents lacked statutory authority to detain him at the Orange County jail for more than 48 hours. (*Id.* at 46–48.) Accordingly, he asked that the court issue a writ of habeas corpus requiring Respondents to either immediately release him or provide him a bond hearing. (*See id.* at 59.) Respondents conceded that section 1226 applied, though they contended that the proper remedy was a bond hearing, not

Petitioner's immediate release.  (*See* Dkt. 7.)

On June 1, 2026, the court concluded that 8 U.S.C. § 1226 applied. (*See, e.g.*, Dkt. 9 at 7 ("Because Petitioner was detained while physically present in the United States, section 1226 governs his detention." (quoting *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018))).)  Accordingly, the court ordered Respondents to either ensure that Petitioner received a bond hearing before an immigration judge, or "release Petitioner pursuant to the terms of his Order of Release on Recognizance. (*Id.* at 10.)  At a June 12, 2026, bond hearing, an immigration judge ordered Petitioner released from Respondents' custody under a cash bond.  (Dkt. 10.)  According to the parties, Petitioner has posted the bond and been released from Respondents' custody.  (*See* Dkt. 13.)

In summary, after receiving the bond hearing to which he was entitled under section 1226, Petitioner was released from Respondents' custody in exchange for payment of the required bond.  Accordingly, this case is **DISMISSED**, and the Clerk is **DIRECTED** to terminate any pending motions and deadlines and to close this case.

**ORDERED** in Orlando, Florida, on July 7, 2026.

_____
JULIE S. SNEED
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record